MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
The truncated statement of facts in the court’s per curiam opinion conceals from view what is important about this case. Mr. Joos claimed, among other things, that Mr. Ratliff used excessive force against him in order to secure his fingerprints. Mr. Ratliff testified that Mr. Joos would not allow himself to be fingerprinted and that Mr. Joos had made a fist with his thumb tucked inside in order to prevent it. According to his own account, Mr. Ratliff then seized Mr. Joos, pressed his thumb against Mr. Joos’s mandibular nerve junction below his jaw, and repeatedly pushed his thumb forward toward Mr. Joos’s nose in an effort to compel him to open his hand. Indeed, Mr. Ratliff felt obliged to repeat this maneuver two or three times the next day before Mr. Joos finally relented. The magistrate judge, as she had to, accepted Mr. Ratliffs testimony as true, but concluded that Mr. Joos was a pre-trial detainee and that Mr. Ratliffs actions were “reasonably related to goals of obtaining plaintiffs identity ...”
Though the matter is not entirely free from doubt, my own evaluation of the undisputed facts in this case leads me to the conclusion that, at the time of the incidents of which Mr. Joos complains, he was an arrestee, not a pre-trial detainee, and that his allegations are therefore to be judged against the reasonableness requirements of the fourth amendment. See Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). Whether the force exerted on Mr. Joos in this case was constitutional, therefore, depends on whether it appears to have been reasonable in the circumstances in which it was resorted to.
Because determining reasonableness requires a comparison of ends and means, I take it that it is proper to evaluate the importance of the object that the force was employed to achieve. Preventing the escape of a dangerous felon, for instance, or preventing an assault on an officer, would be objects that would legitimate a large amount *1127 of force indeed. But here, the fingerprinting of Mr. Joos was collateral to the core objects of a criminal proceeding. There is no finding that Mr. Joos’s identity was not known, or, even if it was not, that that would have interfered with prosecuting him for the offense with which he was charged. So the object of the force, namely, to secure Mr. Joos’s fingerprints, seems not to have been essential to the achievement of a compelling government objective. At the means end of the inquiry, it seems evident that the amount of force used against Mr. Joos was not de minimis, that it was resorted to repeatedly, and that it caused Mr. Joos not inconsiderable pain — enough indeed to cause him to do something that he very much did not want to do.
Under these circumstances, I cannot say that the force applied to Mr. Joos was reasonable. In fact, using force to extract information from the bodies of persons accused of crime can rarely be reasonable. I would therefore reverse the district court’s judgment and remand the case for an inquiry into Mr. Joos’s damages on this aspect of his complaint.